## REMER v. LAWRENCE COUNTY.

1. Comp. Laws, § 1409, declares the sheriff entitled to the following fees: Summoning grand jury, including mileage to be paid by the county, $8; summoning petit jury, including mileage, to be paid by the county, $16; traveling expenses for each mile actually and necessarily traveled, 10 cents. Section 1410, enacted thereafter, declares that the sheriffs of all counties shall be entitled to receive 5 cents per mile for each mile actually and necessarily traveled for summoning a grand and petit jury, in addition to the compensation allowed by law. *Held*, that as it was the evident intention of the legislature that the term "including," as used in Section 1409, should be used in its ordinary sense, to the effect that the $16 for summoning a petit jury and the $8 for summoning a grand jury should be the whole compensation of the sheriff therefor, a sheriff is entitled to 5 cents, not 15 cents, mileage for traveling and summonning grand and petit juries.

2. Comp. Laws, § 1409, declares the sheriff shall receive the following fees: Summoning grand jury, including mileage, $8; summoning petit jury, including mileage, $16; and declares that sheriff shall be entitled to charge and receive for making copies of all processes, bonds, or papers, other than in the statute provided, 1 cent for every 10 words, making copies of a venire of grand and petit juries not being mentioned in the statute. *Held*, that as, when section 1409 was adopted, the law required the clerk to issue venires, and the sheriff might serve them by reading or delivering a copy, it cannot be inferred that it was intended that a sheriff should receive compensation for making copies in addition to the compensation specifically provided for summoning grand and petit jurors.

(Opinion filed Aug. 29, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOS-EPH B. MOORE, Judge.

Action by William A. Remer against Lawrence county, to recover fees alleaged to be due for services as sheriff. From a judgment in favor of plaintiff, defendant appeals. Reversed,

*Robert C Hayes* for appellant.
*Edwin Van Cise,* for respondent.

HANEY, J.   In this action the sheriff of Lawrence county seeks to recover of the county certain fees for services rendered in summoning grand and petit jurors.   The complaint contains two counts.   It is alleged in the first that the plaintiff necessarily and actually traveled 3,867 miles, for which he received compensation at the rate of 5 cents per mile.   He contends he should have received 15 cents per mile, and that there is a balance due him of $386.70   It is alleged in the second court that the plaintiff, in summoning jurors, actually and necessarily served upon persons so summoned 340 copies of venire and notice to come and attend as jurors, for which he claims he should receive compensation at the rate of 25 cents per copy, aggregating $85, no part of which has been paid. Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and judgment rendered in favor of plaintiff for the entire amount claimed.   This appeal is from such judgment.

Since the judgment of the circuit court was rendered, this court has decided the question raised by the allegations of the first count.   It does not state a cause of action.   Neher v. McCook Co., 11 S. D. 422, 78 N. W. 9:'8.   Nor does the second count contain a cause of action.   Sheriffs are entitled to charge and receive for making a copy of any process, bond, or paper, other than in the statute provided, one cent for every 10 words. Comp. Laws, § 1409.   It is not alleged that any copies were made by the sheriff, and the statute relied upon does not pro-

vide compensation for serving copies. Public officers are entitled only to such compensation as the law allows; but, if plaintiff had made the copies, he would not be entitled to compensation therefor. In construing Section 1409 this court said: "Our conclusion is, from the language used in the clause we are considering, and the evident intention of the legislature as appears from other parts of the section, that the term 'including' was used in its ordinary sense, and as intending to convey the idea that the $16 was to be the full compensation of the sheriff for summoning a petit jury, and $8 for summoning a grand jury." Neher v. McCook Co., *supra.* Whatever doubt may have existed as to mileage, it is clear the legislature did not intend to include in the sheriff's compensation for summoning jurors anything beyond the prescribed fee and mileage. When Section 1409 was adopted, the law required the clerk to issue venires, and the sheriff to serve them by reading or delivering a copy. Comp. Laws, §§ 449, 450. As the sheriff was at liberty to summon jurors by reading the original venire, no reason exists for inferring that he was to receive compensation for making copies in addition to that specifically provided for summoning jurors. We think the complaint shows upon its face that plaintiff has received all the compensation to which he is entitled. The judgment of the circuit court is reversed, with directions to dismiss the action upon the merits.